IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND COALITION AGAINST
DOMESTIC VIOLENCE, *et al.*

    *Plaintiffs*,

v.

ROBERT F. KENNEDY, JR., in his official
capacity as Secretary of the United States
Department of Health and Human Services, *et al.*

    *Defendants*.

Case No. 25-cv-342

**PLAINTIFFS' MOTION FOR RELIEF UNDER 5 U.S.C. § 705 AND
FOR PRELIMINARY INJUNCTION**

For the reasons provided in the attached memorandum, Plaintiffs hereby move for preliminary relief under 5 U.S.C. § 705 and for a preliminary injunction, as set forth more fully below.

    A.    Plaintiffs move for the the Court to stay and/or preliminarily set aside the following under 5 U.S.C. § 705:

    1) The Department of Housing and Urban Development (HUD)'s policy of imposing the following conditions on Continuum of Care grants:

        a) The requirement that the recipient not "use grant funds to promote 'gender ideology,' as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government";

        b) The requirement that the recipient "agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to

1

       the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code [and] … certifies that it does not operate any programs that violate any applicable Federal antidiscrimination laws, including Title VI of the Civil Rights Act of 1964";

   c) The requirement that the recipient "not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment"; and

   d) The condition that "the Recipient's use of funds provided under this Agreement … , and the Recipient's operation of projects assisted with Grant Funds are governed by … [a]ll current Executive Orders";

2) HUD's policy of imposing the following conditions on grants administered by the HUD Office of Community Planning and Development:

   a) The requirement that the recipient not "use grant funds to promote 'gender ideology,' as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government";

   b) The requirement that the recipient "agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code [and] … certifies that it does not operate any programs that violate any applicable Federal

   antidiscrimination laws, including Title VI of the Civil Rights Act of 1964"; and

  c) The requirement that the recipient "not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment."

3) The following HUD agency-wide policies:

  a) The policy of requiring recipients to comply with applicable existing and future Executive Orders; and

  b) The requirement in Form HUD-424-B that recipients certify that they "[w]ill not use Federal funding to promote diversity, equity, and inclusion (DEI) mandates, policies, programs, or activities that violate any applicable Federal antidiscrimination laws."

4) The following policies of the United States Department of Health and Human Services (HHS) Administration for Children and Families (ACF):

  a) The requirement in the ACF Standard Terms and Conditions that recipients must "certify[]" that "[t]hey do not, and will not during the term of this financial assistance award, operate any programs that advance or promote DEI, DEIA, or discriminatory equity ideology in violation of Federal anti-discrimination laws"; and

  b) The requirements in the ACF Standard Terms and Conditions relating to Title IX of the Education Amendments of 1972, including the requirement that a recipient "certify" that "it is compliant with Title IX" and "will

3

    remain compliant for the duration of the Agreement" and that these are "material terms of the Agreement."

  5) The following policy of the HHS Health Resources and Services Administration (HRSA):

    a) The requirement in the HRSA General Terms and Conditions relating to Title IX of the Education Amendments of 1972, including the requirement that a recipient "certify" that it "is compliant with Title IX of the Education Amendments of 1972, as amended, …, including the requirements set forth in [the "Gender Ideology" Order]" and "will remain compliant for the duration of the Agreement" and that these are "material terms of the Agreement."

B.  Plaintiffs further move for a preliminary injunction under Federal Rule of Civil Procedure 65 providing as follows:

  1) Defendant HUD, Defendant Scott Turner, and any person in active concert or participation with those parties, are enjoined from requiring any recipient or subrecipient to agree to, and from enforcing, the following requirements or any substantially similar requirement:

    a) The requirement that the recipient not "use grant funds to promote 'gender ideology,' as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government";

    b) The requirement that the recipient "agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to

4

      the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code [and] … certifies that it does not operate any programs that violate any applicable Federal antidiscrimination laws, including Title VI of the Civil Rights Act of 1964";

  c) The requirement that the recipient "not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment";

  d) The condition that "the Recipient's use of funds provided under this Agreement … , and the Recipient's operation of projects assisted with Grant Funds are governed by … [a]ll current Executive Orders";

  e) The requirement that recipients comply with applicable existing and future Executive Orders; and

  f) The requirement in Form HUD-424-B that recipients certify that they "[w]ill not use Federal funding to promote diversity, equity, and inclusion (DEI) mandates, policies, programs, or activities that violate any applicable Federal antidiscrimination laws."

2) Defendant Robert F. Kennedy, Jr., Defendant HHS, Defendant Andrew Gradison, Defendant the Administration for Children and Families, and any person in active concert or participation with those parties, are enjoined from requiring any recipient or subrecipient to agree to, and from enforcing, the following requirements or any substantially similar requirement:

    a) The requirement in the ACF Standard Terms and Conditions that recipients must "certify[]" that "[t]hey do not, and will not during the term of this financial assistance award, operate any programs that advance or promote DEI, DEIA, or discriminatory equity ideology in violation of Federal anti-discrimination laws."

    b) The requirements in the ACF Standard Terms and Conditions relating to Title IX of the Education Amendments of 1972, including the requirement that a recipient "certify" that "it is compliant with Title IX" and "will remain compliant for the duration of the Agreement" and that these are "material terms of the Agreement."

3) Defendant Robert F. Kennedy, Jr., Defendant the United States Department of Health and Human Services, Defendant Thomas Engels, Defendant Health Resources and Services Administration, and any person in active concert or participation with those parties, are enjoined from requiring any recipient or subrecipient to agree to, and from enforcing, the following requirements or any substantially similar requirement:

    a) The requirement in the HRSA General Terms and Conditions that any recipient "certify" that it "is compliant with Title IX of the Education Amendments of 1972, as amended, …, including the requirements set forth in Presidential Executive Order 14168 titled Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government" and "will remain compliant for the duration of the Agreement" and that these are "material terms of the Agreement."

6

August 4, 2025                                    Respectfully submitted,

/s/ Kristin Bateman
Kristin Bateman (Cal. Bar No. 270913)[+^]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

/s/ Daniel F. Jacobson
Daniel F. Jacobson (D.C. Bar # 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Brian C. Rosen-Shaud (ME Bar No. 006018)[+^]
Nina Cahill (D.C. Bar No. 1735989)[+]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

/s/ Amy R. Romero
Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

/s/ Lynette Labinger
Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

/s/ Mary C. Dunn
Mary C. Dunn (RI Bar #6712)
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
mcd@blishcavlaw.com
Cooperating counsel, Lawyers' Committee for RI

/s/ Lauren A. Khouri
Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth Theran (D.C. Bar No. 90030162)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org
etheran@nwlc.org

[+] Admitted *pro hac vice*
^ Not admitted in the District of Columbia. Practice supervised by members of the D.C. bar.

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, I electronically filed the within motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

/s/ Kristin Bateman