# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*<br><br>*Defendants*. | Case No. 1:25-cv-00342 |

## REVISED TEMPORARY RESTRAINING ORDER

And now, on this 7th day of August 2025, upon consideration of the Plaintiffs' Motion for a Temporary Restraining Order ("TRO") (ECF No. 13), Plaintiffs' Motion to Amend the TRO (ECF No. 28), and the arguments heard during the hearing held on July 24, 2025, it is **ORDERED** that Plaintiffs' Motion to Amend the TRO is **GRANTED**.  The Court has determined that the Plaintiffs have sufficiently demonstrated a likelihood of success on the merits of their claims and that they will suffer immediate and irreparable harm without relief.  This Court further finds that in weighing the relative hardships between the Parties and the public interest factors, allowing the Plaintiffs and their members to access their awarded grant funding free of the new conditions imposed by the Department of Housing and Urban Development ("HUD") on the Continuum of Care grants and the new conditions imposed by the United States Department of Health and Human Services ("HHS") via the Administration for Children and Families ("ACF") on the State Domestic Violence Coalition grants is appropriate.

Pursuant to Fed. R. Civ. P. 65(d)(2), the Court hereby **ORDERS** the following persons bound by this TRO: Defendant Scott Turner, Defendant HUD, and any person in active concert or participation with those parties; Defendant Robert F. Kennedy, Jr., Defendant HHS, Defendant Andrew Gradison, Defendant ACF, and any person in active concert or participation with those parties.

The Court **ORDERS** as follows:

1. Defendant HUD, Defendant Scott Turner, and any person in active concert or participation with those parties, are enjoined from:

    a. requiring Community Care Alliance, Pennsylvania Coalition Against Domestic Violence, House of Hope Community Development Corporation, Rhode Island Coalition to End Homelessness, or Virginia Sexual and Domestic Violence Action Alliance and their members (collectively, "HUD TRO Plaintiffs") to agree to the following conditions or substantially similar conditions as a requirement for receiving funding under a Continuums of Care grant; and otherwise enforcing these or substantially similar conditions against those organizations with respect to a Continuums of Care grant:

        i. The requirement that the recipient not "use grant funds to promote 'gender ideology,' as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government";

        ii. The requirement that the recipient "agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is

        material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code ";

  iii.  The requirement that the recipient "not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment"; and

  iv.  The condition that "the Recipient's use of funds provided under this Agreement … , and the Recipient's operation of projects assisted with Grant Funds are governed by … [a]ll current Executive Orders."

2. Defendant Robert F. Kennedy, Jr., Defendant HHS, Defendant Andrew Gradison, Defendant ACF, and any person in active concert or participation with those parties, are enjoined from:

  a.  requiring Plaintiffs the Idaho Coalition Against Domestic Violence; Jane Doe Inc., the Massachusetts Coalition Against Sexual Assault and Domestic Violence; and the Oregon Coalition Against Domestic and Sexual Violence (collectively "HHS ACF TRO Plaintiffs") to agree to the following condition or any substantially similar condition as a requirement for receiving funding under a Family Violence Prevention Services Act State Domestic Violence Coalition Grant (FVPSA Coalition Grant); and otherwise enforcing this or any substantially similar condition against those organizations with respect to a FVPSA Coalition Grant:

    i.  The requirement that recipients must "certify[]" that "[t]hey do not, and will not during the term of this financial assistance award,

      operate any programs that advance or promote DEI, DEIA, or discriminatory equity ideology in violation of Federal anti-discrimination laws."

3. Defendants shall immediately treat any actions taken to implement or enforce the conditions above, or any materially similar terms or conditions, as to the HUD TRO Plaintiffs' Continuums of Care grants and the HHS ACF TRO Plaintiffs' FVPSA Coalition grants, including any delays or withholding of funds based on such conditions, as null, void, and rescinded.

4. Defendants and their assignees shall immediately treat as null and void any such conditions included in any agreement pertaining to an ACF FVPSA Coalition Grant or HUD Continuum of Care Grant executed by any TRO Plaintiff, or TRO Plaintiff member, while this TRO is in effect.

5. Defendants shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

6. By the end of the second day after issuance of this Order, HUD's counsel shall provide written notice of this Order to all of its employees, and HHS's counsel shall provide written notice of this Order to ACF and its employees.

7. By the end of the second day after issuance of this Order, the Defendants shall file on the Court's electronic docket a Status Report documenting the actions that they have taken to comply with this Order, including a copy of the notice and an explanation as to whom the notice was sent.

8. Plaintiffs have also moved for relief regarding the HHS Grants Policy Statement issued April 16, 2025 (April GPS). In light of the Defendants' representation that HHS issued a new Grants Policy Statement on July 24, 2025 (July GPS), which removes the references to "DEI," "DEIA+," and "discriminatory gender ideology" and states that it applies to all HHS awards or award modifications made on or after April 16, 2025, the Court will defer ruling on Plaintiffs' Motion as to either the April or July GPS pending the production of an administrative record for HHS's change to its Grants Policy Statement and/or further motion by the Plaintiffs.

This Temporary Restraining Order shall remain in effect pending further order from this Court in order to accommodate the Parties' agreed upon briefing schedule for the pending Motion for Preliminary Injunction (ECF No. 30). A hearing for the pending motion has been scheduled for September 4, 2025.

SO ORDERED.

Dated this 7th day of August, 2025.

_____

HONORABLE MELISSA R. DUBOSE