**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*<br><br>*Defendants*. | Case No. 25-cv-342 |

**STIPULATION CONCERNING TITLE IX CERTIFICATIONS**

Plaintiffs and Defendant Robert F. Kennedy, Jr., in his official capacity as Secretary of the U.S. Department of Health & Human Services ("HHS"), Defendant HHS, Defendant Andrew Gradison, Defendant the Administration for Children and Families ("ACF"), Defendant Susan Monarez, Defendant Centers for Disease Control and Prevention, Defendant Thomas J. Engels, and Defendant Health Resources & Services Administration (collectively "HHS Defendants") agree and stipulate as follows:

1. Plaintiffs filed this suit on July 21, 2025, in part to challenge various conditions that HHS Defendants have imposed on grants, including a provision in HHS's April 16, 2025 Grants Policy Statement (April GPS) requiring recipients to "certify[]" that "[t]hey do not, and will not . . . operate any programs that advance or promote DEI, DEIA, or discriminatory equity ideology in violation of Federal anti-discrimination laws." Compl. ¶¶ 88-92 (ECF No. 1). Plaintiffs sought a temporary restraining order with respect to that

1

April GPS requirement (among other conditions). Pls.' Mot. For Temporary Restraining Order ¶ 2 (ECF No. 13).

2. On July 24, 2025, before the hearing on Plaintiffs' TRO motion, HHS issued a new Grants Policy Statement (July GPS), which removed the references to "DEI," "DEIA+," and "discriminatory ideology" for all HHS awards or award modifications made on or after April 16, 2025. Based on that revision, the Court deferred ruling on Plaintiffs' Motion as to either the April or July GPS pending the production of an administrative record and/or further motion by the Plaintiffs. Temporary Restraining Order ¶ 8 (ECF No. 23).

3. Plaintiffs' complaint also challenges new conditions that two HHS components — the Administration for Children and Families (ACF) and Health Resources & Services Administration (HRSA) — have imposed requiring recipients to certify that they are "compliant with Title IX of the Education Amendments of 1982" and to make related certifications. *See* Compl. ¶¶ 97, 99. Plaintiffs have sought preliminary relief with respect to those Title IX certification requirements. Pls.' Mot. for Relief Under 5 U.S.C. § 705 and for Preliminary Injunction ¶¶ A.4.b, A.5.a, B.2.b, B.3.a (ECF No 30).

4. In late August, 2025, Plaintiffs learned that HHS revised its Grants Policy Statement again (August GPS). This new version of the GPS adopts a Title IX certification requirement substantially identical to the HRSA Title IX certification requirements with respect to which Plaintiffs seek preliminary relief. In particular, the August GPS adds a new requirement that recipients certify that they are "compliant with Title IX of the Education Amendments of 1982, as amended, 20 U.S.C. § 1681 et seq., including the requirements set forth in Presidential Executive Order 14168 titled Defending Women

from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." This version applies to awards and award modifications that add funding made on or after October 1, 2025, and applies to all HHS discretionary recipients, except for NIH, and the requirements flow down to subrecipients.

5.   In addition, Plaintiffs learned from Defendants' Opposition to Plaintiffs' motion for preliminary relief that, in March, the HHS Office of Grants issued a directive to all HHS grant-making operating divisions to impose a new Title IX certification requirement on grants (Office of Grants Title IX Directive), and that this directive resulted in the ACF and HRSA Title IX Certifications that Plaintiffs have challenged. *See* Defs.' Opp. at 7 (ECF No. 43); Decl. of Katherine Chon ¶ 17 (ECF No. 43-2).

6.   In light of the revised language in the August GPS and the Office of Grants' Title IX Directive, Plaintiffs intend to amend their complaint and motion for relief under 5 U.S.C. § 705 and for preliminary injunction to include the new August GPS's Title IX certification requirement and the Office of Grants Title IX Directive.

7.   The new language of the August GPS and the Office of Grants Title IX Directive is substantially identical to the HRSA Title IX Certification, and the legal issues raised by the HRSA Title IX Certification have already been briefed as part of the Plaintiffs' motion for preliminary relief currently pending before the Court.

8.   The Parties agree that (1) Plaintiffs will move orally at the hearing tomorrow (September 4) to supplement their pending motion for relief under 5 U.S.C. § 705 and for preliminary injunction to include a request for relief as to the August GPS and the Office of Grants Title IX Directive, and Defendants will not oppose that motion, and (2) each side will have the opportunity to file a supplemental memorandum of no more than 10 pages and

3

accompanying declaration focused solely on the new language of the August GPS and the Office of Grants Title IX Directive and how the arguments the Parties have already made relate to that language, with Defendants filing their supplemental submissions on Monday, September 8 and Plaintiffs filing their supplemental submissions on Friday, September 12. Plaintiffs will file an amended complaint addressing the August GPS and Office of Grants Title IX Directive next week, before the conclusion of the supplemental briefing.

9.   In the interest of judicial efficiency, the Parties further agree that additional oral argument on the August GPS Title IX certification requirement and the Office of Grants Title IX Directive will not be necessary unless the Court wishes to hear further from the Parties.

September 3, 2025

Respectfully submitted,

*/s/ Kristin Bateman*
Kristin Bateman (Cal. Bar No. 270913)[+] [^]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

 */s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar # 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Brian C. Rosen-Shaud (ME Bar No. 006018)[+] [^]
Nina Cahill (D.C. Bar No. 1735989)[+]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006

(301) 823-1148
dan@jacobsonlawyersgroup.com

*/s/ Amy R. Romero*
Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

*/s/ Lynette Labinger*
Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

*/s/ Mary C. Dunn*
Mary C. Dunn (RI Bar #6712)
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
mcd@blishcavlaw.com
Cooperating counsel, Lawyers' Committee for RI

*/s/ Lauren A. Khouri*
Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth Theran (D.C. Bar No. 90030162) [+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org
etheran@nwlc.org

[+] Admitted *pro hac vice*
[^] Not admitted in the District of Columbia. Practice supervised by members of the D.C. bar.

*Counsel for Plaintiffs*

5

U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health & Human Services; and all other HHS-affiliated defendants,

By their Attorneys,

SARA MIRON BLOOM
Acting United States Attorney

/s/ Lauren S. Zurier
LAUREN S. ZURIER
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
Ph: (401) 709-5000
Fax: (401) 709-5001
Lauren.Zurier@usdoj.gov

6

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2025, I electronically filed the within stipulation, and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Brian Rosen-Shaud*
Brian Rosen-Shaud