UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*<br><br>*Defendants*. | Case No. 1:25-cv-00342 |

**Department of Health and Human Services and HHS-Affiliated Defendants'
Supplemental Memorandum in Support of Opposition
to the Plaintiffs' Motion for Preliminary Relief**

On September 3, 2025, the defendants affiliated with the Department of Health and Human Services ("HHS"), collectively referred to below as the HHS Defendants,[1] and the Plaintiffs entered a stipulation concerning the Plaintiffs' desire to include a challenge to a Title IX certification that HHS added to the August 2025 revision of its Grants Policy Statement ("August GPS") as one of their claims for preliminary relief.  *See* ECF No. 52.  Pursuant to the terms of that stipulation, which permitted limited supplemental briefing by each side, the HHS Defendants submit this short memorandum along with the declaration of Dale Bell attached as Exhibit A ("Bell Decl.").

---

[1] In addition to HHS, these defendants include Robert F. Kennedy Jr., in his official capacity as Secretary of HHS, Defendant the Administration for Children and Families ("ACF"), Defendant Centers for Disease Control and Prevention, Defendant Health Resources and Services Administration ("HRSA"), and Andrew Gradison, Susan Monarez, and Thomas Engels.

Background

As detailed in the accompanying declaration, the August GPS applies to all HHS discretionary awards except for NIH awards, and is incorporated by reference as a standard term and condition in the official Notices of Awards issued to grant recipients. Bell Decl. ¶¶4-5. The August GPS, which supersedes previous versions of the GPS, applies to awards and award modifications that add funding on or after October 1, 2025. *Id.* ¶6. Each HHS Notice of Award incorporates both the HHS GPS and any HHS Operating-Division-specific terms and conditions.[2]  *Id.* ¶8.

HHS has the authority to require grant recipients to submit annual certifications. *Id.* ¶7. All recipients of federal financial assistance from HHS are required to have an "Assurance of Compliance with Non-Discrimination Laws and Regulations" on file with HHS. *Id.* ¶12. This Assurance, which has been required for many years, has always required the recipient to comply with Title IX. *Id.* Signing the Assurance also indicates the recipient's agreement that "'compliance with this assurance constitutes a material condition of continued receipt of Federal financial assistance[.]'" *Id.* (This latter statement is in the current version of the Assurance, which was last updated in November 2019. *Id.*)

The August GPS included a certification related to Title IX, 20 U.S.C. § 1681 et seq., that was not in the prior version of the GPS. Bell Decl. ¶9. This "GPS Title IX Certification" requires a grant recipient who is otherwise subject to Title IX requirements to certify that the recipient is compliant with Title IX (including the requirements of Executive Order 14,168

---

[2] As the Court is aware, Plaintiffs and the HHS Defendants have stipulated that the ACF "Civil Rights Assurance" (a.k.a. ACF Anti-DEI Certification) term and condition is not at issue for purposes of the motion for preliminary relief the Court is currently considering. *See* ECF No. 39.

concerning gender ideology), as well as Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. Bell Decl. ¶9. Additionally, the certification requires various assurances related to the grant recipient's awareness that the Title IX certification is a material term of the grant agreement. *Id.* Like the rest of the August GPS, the Title IX certification will be in effect for awards and award modifications that add funding on or after October 1, 2025. *Id.* ¶10. To the extent that an HHS operating division such as ACF or HRSA has a Title IX certification in its terms and conditions, those will be in effect for recipients as well. *Id.* ¶11.

## Discussion

In their motion for preliminary relief, Plaintiffs have asked the Court to enjoin application and enforcement of the Title IX certifications required by ACF and HRSA on a variety of grounds, *e.g.*, the Administrative Procedure Act, the Fifth Amendment, and the separation of powers. In addition to opposing these claims on the merits and contending that the criteria for emergency injunctive relief have not been met, the HHS Defendants have also argued that the Court lacks jurisdiction to consider them.

As with the ACF and HRSA Title IX Certifications, the HHS Defendants contend that the GPS Title IX Certification is valid and enforceable. In support of that position, the HHS Defendants rely on the arguments set forth in their opposition memorandum (ECF No. 43) as well as the reasons defense counsel articulated during oral argument on September 4, 2025.

Dated: September 8, 2025

Respectfully submitted,

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,

By their Attorneys,

SARA MIRON BLOOM
Acting United States Attorney

/s/ Lauren S. Zurier
LAUREN S. ZURIER
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
Lauren.Zurier@usdoj.gov

**Certification of Service**

On this 8th day of September, 2025, I caused the within document to be filed electronically. It is available for viewing and downloading from the Court's ECF system, which will serve it upon all counsel of record.

/s/ Lauren S. Zurier
LAUREN S. ZURIER
Assistant United States Attorney