IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*<br><br>*Defendants*. | Case No. 1:25-cv-00342 |

**PLAINTIFFS' SUPPLEMENTAL REPLY IN SUPPORT OF MOTION FOR PRELIMINARY RELIEF**

Plaintiffs file this supplemental reply in support of their motion for preliminary relief against HHS Defendants'[1] actions requiring grantees to make a new certification related to compliance with Title IX and an executive order attacking so-called "gender ideology."

I.  Background

In March, 2025, the HHS Office of Grants issued a directive (Office of Grants Title IX Directive) instructing all HHS grant-awarding components to impose a new certification requirement (HHS Title IX Certification) on all new awards to entities that participate in, facilitate, or fund programs that implicate Title IX. Declaration of Cynthia Baugh ¶ 14 (ECF No. 43-3). In particular, the Office of Grants directed those components to require covered grantees

---

[1] "HHS Defendants" are the Department of Health and Human Services, the Administration for Children and Families, Centers for Disease Control and Prevention, Health Resources & Services Administration, Substance Abuse and Mental Health Services Administration, Robert F. Kennedy, Jr., Andrew Gradison, Jim O'Neill, Thomas Engels, and Arthur Kleinschmidt.

1

to "certif[y]" that they are "compliant with Title IX of the Education Amendments of 1972 …, including the requirements set forth in Presidential Executive Order 14168 titled Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government [the "Gender Ideology" Order]" and that they "will remain compliant for the duration of the Agreement." *Id.* This required term also invokes the specter of False Claims Act liability and requires covered recipients to "certify" that this requirement is a "material term[] of the Agreement," and that "[p]ayments under the Agreement are predicated on compliance" with Title IX and Title VI and that the recipient "therefore … is not eligible for funding … absent compliance with" those requirements." *Id.* The recipient must also certify that it "acknowledges that a knowing false statement relating to Recipient's compliance with the above requirements and/or eligibility for the Agreement may subject Recipient to liability under the False Claims Act, 31 U.S.C. § 3729, and/or criminal liability, including under 18 U.S.C. §§ 287 and 1001." *Id.* The required certification itself makes clear this is a change: It requires the recipient to "acknowledge[] that this certification reflects a change in the government's position regarding the materiality" of those requirements. *Id.*

HHS and various HHS components have since implemented that directive. As the parties previously briefed, HRSA has adopted the HHS Title IX Certification in the HRSA General Terms and Conditions, and ACF has adopted substantially similar language (ACF Title IX Certification) in its Standard Terms and Conditions.[2]

In addition, in late August, 2025, HHS revised its Grants Policy Statement, effective October 1 (October GPS). HHS, HHS Grants Policy Statement (effective Oct. 1, 2025),

---

[2] The ACF Title IX Certification omits the express mention of the Executive Order.

https://perma.cc/GR9D-SN9S.[3] The October GPS adopts the HHS Title IX Certification as directed by the Office of Grants Title IX Directive, with identical language, including the requirement that grantees "certify" that they are "compliant with Title IX of the Education Amendments" including of 1972 …, including the requirements set forth in [the "Gender Ideology" Order]." *Id.* at 21–22.

In September, the Substance Abuse and Mental Health Services Administration (SAMHSA) revised its Standard Terms to include the HHS Title IX Certification verbatim. SAMHSA. Fiscal Year (FY) 2025 Standard Terms and Conditions, at 9, https://perma.cc/E3NM-XTMD. Plaintiffs first learned of this in September, but HHS states in this litigation that SAMHSA made that change in July. Declaration of Odessa Crocker ¶ 13.

The Office of Grants Title IX Directive, as well as the HHS Title IX Certification in the October GPS and in the SAMHSA Standard Terms Title IX Certifications, all include a requirement to comply with the Gender Ideology Order, and a statement that the certification reflects "a change" in the government's position regarding Title IX requirements' materiality. For this reason, the Title IX Certifications are unlike the separate HHS Assurance form (HHS-690) that grantees had previously been required to sign. ECF No. 54 at 2.

Plaintiffs and their members have or expect to receive funding subject to the HHS Title IX Certification that the Office of Grants Title IX Directive directs that the agency adopt agency-wide. This includes multiple Plaintiffs and their members that expect to receive discretionary HHS Grants that add funding after October 1, 2025, and will therefore be subject to the October GPS. *See* Declaration of Jonathan Yglesias (Yglesias Decl.), ECF No. 35-21, ¶¶ 24, 27;

---

[3] The parties' stipulation to address the revised HHS GPS shorthanded this new GPS as the "August GPS." Plaintiffs now switch to referring to it as the "October GPS" for clarity, given that it does not take effect until October 1.

Supplemental Declaration of Kelsen Young (Young Decl.) ¶ 29; Declaration of Hema Sarang-Sieminski (Sarang-Sieminski Decl.), ECF No. 35-20 ¶¶ 28, 31; Declaration of Lucy Rios (Rios Decl.), ECF No. 30-19 ¶¶ 4, 47; Declaration of Keri Moran-Kuhn (Moran-Kuhn Decl.), ECF No. 30-18, ¶¶ 23-29; Supplemental Declaration of Michelle McCormick (McCormick Decl.), ECF No. 42-2 ¶¶ 37-38, 43-44; Declaration of Susan Higginbotham (Higginbotham Decl.), ECF No. 30-11 ¶ 37; Declaration of Carianne Fisher (Fisher Decl.), ECF No. 30-9, ¶ 35, 37, 40–41; Declaration of Dawn Dalton (Dalton Decl.), ECF No. 30-6, ¶ 18; Supplemental Declaration of Krista Colón (Colón Decl.)., ECF No. 35-1,¶¶ 32-34; Declaration of Amanda Dotson (Dotson Decl.), ECF No. 30-7 ¶ 20, 24. It also includes Plaintiff Community Care Alliance (CCA), which receives multiple grants from SAMHSA that are now subject to the SAMHSA Standard Terms Title IX Certification. Supplemental Declaration of Benedict F. Lessing (Lessing Decl.) ¶¶ 19, 22.

Accepting these awards subject to the HHS Title IX Certification—whether in the October GPS, SAMHSA Standard Terms, or otherwise— would cause plaintiffs harm for the same reasons explained in the declarations relating to ACF and HRSA Title IX Conditions, as well as in the Supplemental Declaration of Benedict Lessing. *See, e.g.*, Yglesias Decl. ¶ 34; Young Decl. ¶ 38; Sarang-Sieminski Decl. ¶ 41; Rios Decl. ¶ 60; Moran-Kuhn Decl. ¶¶ 38; McCormick Decl.¶ 50; Higginbotham Decl. ¶ 49; Fisher Decl. ¶ 47; Dalton Decl. ¶ 30; Colón Decl. ¶ 53. And if Plaintiffs or their members turned down the HHS Grants, critical services and programs would be at risk, they would need to terminate staff, and their communities would suffer. Yglesias Decl. ¶¶ 25, 28; Young Decl. ¶ 30; Sarang-Sieminski Decl. ¶¶ 46-47; Rios Decl. ¶¶ 42–43, 78; Moran-Kuhn Decl. ¶¶ 27, 30, 49-52; McCormick Decl. ¶ 50-57, 60; Higginbotham Decl. ¶¶ 59; Fisher Decl. ¶¶ 38, 42; Dalton Decl. ¶ 19; Colón Decl. ¶ 35; Supplemental

Declaration of Benedict Lessing ¶¶ 21, 24. Among other things, accepting awards subject to the HHS Title IX Certification would make it impossible for grantees to comply with both the Certification (and the "Gender Ideology" Order it incorporates) and state or other laws prohibiting discrimination based on gender identity—and would ultimately result in people who are transgender or gender-nonconforming being turned away from critical healthcare services. Lessing Decl. ¶¶ 21, 24, 32.

    II.    <u>Argument</u>

The Office of Grants Title IX Directive, the HHS Title IX Certification, and the policies in the October GPS and SAMHSA Standard Terms imposing the HHS Title IX Certification, are unlawful for the same reasons the HRSA Title IX Certification and ACF Title IX Certification are unlawful, as explained in the Plaintiffs' Memorandum and Reply in Support of Motion for Relief Under 5 U.S.C. 705 and for Preliminary Injunction, ECF Nos. 30-1 and 49, and the Plaintiffs' oral argument of September 4, 2025.

September 15, 2025                                Respectfully submitted,

                                                                <u>/s/ Nina Cahill</u>
Nina Cahill (D.C. Bar No. 1735989)[+]
Daniel F. Jacobson (D.C. Bar # 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Brian C. Rosen-Shaud (ME Bar No. 006018)[+^]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

*/s/ Kristin Bateman*
Kristin Bateman (Cal. Bar No. 270913)[+ ^]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*/s/ Amy R. Romero*
Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

*/s/ Lynette Labinger*
Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

*/s/ Mary C. Dunn*
Mary C. Dunn (RI Bar #6712)
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
mcd@blishcavlaw.com
Cooperating counsel, Lawyers' Committee for RI

       <u>/s/ Lauren A. Khouri</u>
Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth Theran (D.C. Bar No. 90030162)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org
etheran@nwlc.org

[+] Admitted *pro hac vice*
^ Not admitted in the District of Columbia. Practice supervised by members of the D.C. bar.

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2025, I electronically filed the within motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Nina Cahill*
