# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.* <br><br> *Defendants*. | Case No. 1:25-cv-00342 |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF REQUEST TO CLARIFY OCTOBER 10, 2025 ORDER

At a status conference held on October 15, 2025, the Court and counsel for the parties discussed the need to clarify certain terms in the Court's October 10 Order (ECF No. 72). The parties agreed to negotiate the terms of the order as much as possible and have reached agreement that certain clarifications are appropriate. The parties disagree, however, on a single term. This memorandum sets forth Plaintiffs' position on the term in dispute.

In particular, Plaintiffs respectfully request that the Court clarify its October 10 Order with respect to the stay of the requirement in HUD's Form HUD-424-B that recipients certify that they "will not use Federal funding to promote diversity, equity, and inclusion (DEI) mandates, policies, programs, or activities that violate any applicable Federal antidiscrimination laws" (General HUD Anti-DEI Certification). In particular, Plaintiffs request that the Court amend current paragraph 2.b.iii of the order to clarify that the HUD-424-B agency-wide policy is

1

stayed agency-wide, not just as to grants administered by the HUD Office of Community Planning and Development (CPD).

This clarification is warranted in light of the fact that a § 705 stay "operates upon the [agency action] itself" by "temporarily divesting a rule or policy of enforceability." *Orr v. Trump*, 778 F. Supp. 3d 394, 430 (D. Mass. 2025), *appeal pending*, No. 25-1579 (1st Cir.); *see also* Pls.' Mem. i.s.o. Mot. for Relief Under 5 U.S.C. § 705 and for Preliminary Injunction, at 56-58 (ECF No. 30-1) ("Pls.' Mem."). The relevant agency action here is HUD's policy of requiring applicants and grantees to agree to the General HUD Anti-DEI Certification on the HUD-424-B Form. U.S. Dep't of Hous. & Urb. Dev., Form HUD 424-B, Applicant and Recipient Assurances and Certifications, https://perma.cc/23TW-QMCN. That agency action is an agency-wide action: The certification applies agency-wide to applicants "for HUD funding," *id.* at 1, not particular types of HUD funding. Indeed, Plaintiffs clearly identified the General HUD Anti-DEI Certification on Form HUD-424-B as an "agency-wide condition" in their motion for preliminary relief, Pls.' Mem. at 10-11, 29, 63 (ECF No. 30-1), and Defendants did not contest that characterization, *see generally* Defs.' Opp. (ECF No. 43).

Put another way, the current order preliminarily sets aside "HUD's policy of imposing" the General HUD Anti-DEI Certification in the HUD-424-B Form "on grants administered by the HUD Office of Community Planning and Development." Order at 31, ¶ 2.b.iii (ECF No. 72). But Plaintiffs did not challenge any such Office-specific policy (and Defendants' briefing offered no indication that such an Office-specific policy, distinct from the agency-wide policy, even exists). Rather, Plaintiffs challenged HUD's agency-wide policy of imposing that requirement on all HUD grants. And that agency-wide policy is the relevant agency action properly subject to the § 705 stay.

This clarification is also warranted in light of the reasoning of the Court's decision, which in no way suggests that the General HUD Anti-DEI Certification might be unlawful only insofar as it applies to grants administered by CPD, and not as applied to other HUD grants. In particular, the Court concluded that the conditions are likely arbitrary and capricious because Defendants had not "articulate[d] a 'satisfactory explanation' for their decision to implement" the conditions and had "failed to achieve" the "basic requirement" that "the agency … actually provide some sort of explanation." Order at 17-18 (ECF No. 72). This failure is not limited to grants administered by CPD; Defendants did not provide a satisfactory explanation for imposing the HUD-424-B certification at all. For that reason alone, HUD's adoption of the agency-wide policy of imposing the General HUD Anti-DEI Certification "represent[s] arbitrary and capricious action in violation of the APA" and justifies a stay of that agency-wide policy. Order at 18 (ECF No. 72).

Finally, a few points of clarification. First, Plaintiffs do not understand the Court's order to preclude Defendants from requiring applicants and grantees to certify that they will not violate antidiscrimination laws—as applicants and grantees long had to do under the prior version of the HUD-424-B form that was in place before HUD amended it to add the anti-DEI language.[1] As Plaintiffs understand it, the Order simply bars HUD from requiring a certification about DEI specifically and from requiring an applicant or grantee to certify to materiality.

Second, in addition to preliminarily setting aside the Challenged Conditions under § 705, the Order also enjoins Defendants HUD and Turner from requiring any recipient or subrecipient

---

[1] Archived version of HUD-424-B Form (captured Feb. 22, 2025), available at https://web.archive.org/web/20250222151855/https://www.hud.gov/sites/dfiles/CPD/documents/HUD_424B-V1-0.pdf (requiring nondiscrimination certifications including that the grantee "[w]ill comply with all applicable Federal nondiscrimination requirements" and not including any certification mentioning "diversity, equity, and inclusion").

to agree to, and from enforcing, the General HUD Anti-DEI Certification contained in the HUD-424-B form and any substantially similar requirement. *See* Order at 33, ¶ 2.e.i.6 (ECF No. 72). Plaintiffs do not object to limiting that *injunctive* provision to grants administered by CPD. Unlike a § 705 stay, injunctive relief must be limited to what is necessary to provide the plaintiffs "complete relief." *See Trump v. CASA, Inc.*, 606 U.S. 831, 852 (2025) (injunction should not go beyond "offer[ing] complete relief to the plaintiffs"); *see also id.* at 847 n.10 (noting that relief under the APA is different); *see also Cabrera v. U.S. Dep't of Labor*, No. 25-cv-1909, 2025 WL, 2092026, at *8 (D.D.C. July 25, 2025), *appeal pending*, No. 25-5340 (holding that a § 705 stay is not limited in this way). Thus, limiting that injunctive provision to grants administered by CPD is appropriate, as those are the grant programs that Plaintiffs and their members participate in, and thus are the programs in which an injunction is necessary to afford Plaintiffs complete relief. *See* Pls.' Mem. at 58-61 (ECF No. 30-1).

October 16, 2025                                        Respectfully submitted,

*/s/ Kristin Bateman*
Kristin Bateman (D.C. Bar No. 90037068)[+]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

 */s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar # 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Brian C. Rosen-Shaud (ME Bar No. 006018)[+ ^]
Nina C. Cahill (D.C. Bar No. 1735989)[+]
Jacobson Lawyers Group PLLC
5100 Wisconsin Ave NW, Suite 301

Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com


*/s/ Amy R. Romero*
Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

*/s/ Lynette Labinger*
Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

*/s/ Mary C. Dunn*
Mary C. Dunn (RI Bar #6712)
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
mcd@blishcavlaw.com
Cooperating counsel, Lawyers' Committee for RI

 */s/ Lauren A. Khouri*
Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth Theran (D.C. Bar No. 90030162)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
lkhouri@nwlc.org
etheran@nwlc.org

[+] Admitted *Pro hac vice*
[^] Not admitted in the District of Columbia. Practice supervised by members of the D.C. bar.

*Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025, I electronically filed the within motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Kristin Bateman*