# Exhibit A

## HUD Documentation of Compliance with Court's Amended Memorandum & Order (ECF No. 77)

| | |
|---|---|
| **From:** | Office of Public Affairs <OfficeofPublicAffairs@hud.gov> |
| **Sent:** | Monday, October 27, 2025 12:48 PM |
| **To:** | Office of Public Affairs |
| **Subject:** | Notice of Court Order - Rhode Island Coalition Against Domestic Violence, et al. v. Kennedy, et al., 1:25-cv-342 (D.R.I.) |
| **Attachments:** | ECF 77 (Modified Decision & PI Order) v.1.pdf; 2025.10.27 R.I Coalition - Notice of Preliminary Injunction.pdf |



HUD Staff and Contractors,

At the direction of the United States District Court for the District of Rhode Island, you are hereby advised that a Stay and Preliminary Injunction order in the case of *Rhode Island Coalition Against Domestic Violence, et al. v. Kennedy, et al*., 1:25-cv-342 (D.R.I.), ECF No. 77 (October 23, 2025) was issued. This Preliminary Injunction order is the operative order now. The Court has directed that notice of this order shall be provided to "all [HUD] employees" by "the end of the fourth business day after issuance."

A copy of the Preliminary Injunction order and notice prepared by HUD's Office of General Counsel regarding it is attached for reference.

To:     All Agency Employees and Contractors
U.S. Department of Housing and Urban Development

From:   Associate General Counsel for Litigation
Office of the General Counsel
U.S. Department of Housing and Urban Development

Date:    October 27, 2025

Re:      Notice of Stay and Preliminary Injunction in the case of: *Rhode Island Coalition Against Domestic Violence, et al. v. Kennedy, et al.*, 1:25-cv-342 (D.R.I.)

---

## NOTICE OF STAY AND PRELIMINARY INJUNCTION

On October 23, 2025, the United States District Court for the District of Rhode Island in *Rhode Island Coalition Against Domestic Violence, et al. v. Kennedy, et al.*, 1:25-cv-342 (D.R.I.) (ECF No. 77), entered a stay and preliminary injunction that revised and expanded the previously amended temporary restraining order ("TRO") issued on October 1, 2025 (ECF No. 69). A copy of that order is attached for reference.

Like the previous amended TRO, the stay and preliminary injunction order directs that HUD "shall provide written notice of this Order to all of its employees" by "the end of the fourth business day after issuance" of this order. Accordingly, this Notice is provided.

The order has two related components that, for purposes of grant administration, are functionally the same. First, under 5 U.S.C. § 705 of the Administrative Procedure Act, the Court has preliminarily set aside and stayed certain conditions that HUD has imposed on grants administered by the Office of Community Planning and Development ("CPD"). Because the stay applies to HUD policies, it is not limited to any specific plaintiff or grantee. And second, the Court has entered a preliminary injunction barring HUD from enforcing those same policies against recipients and subrecipients of all CPD grants.

The Court's § 705 stay sets aside the following:

1. HUD's policy of imposing the following conditions on Continuum of Care grants:
    a. The requirement that the recipient not "use grant funds to promote 'gender ideology,' as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government";
    b. The requirement that the recipient "agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code";
    c. The requirement that the recipient "not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment"; and

      d. The condition that "the recipient's use of funds provided under this Agreement …, and the recipient's operation of projects assisted with Grant Funds are governed by … [a]ll current Executive Orders."
2. HUD's policy of imposing the following conditions on all other CPD-administered grants:
    a. The requirement that the recipient not "use grant funds to promote 'gender ideology,' as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government";
    b. The requirement that the recipient "agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code";
    c. The requirement that the recipient "not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment"; and
    d. The requirement in HUD's Form HUD-424-B that recipients certify that they "will not use Federal funding to promote diversity, equity, and inclusion (DEI) mandates, policies, programs, or activities that violate any applicable Federal antidiscrimination laws."

The Court's simultaneous preliminary injunction bars HUD, and any person in active concert or participation with HUD, from requiring any recipient or subrecipient of any CPD grants to agree to, and from enforcing, the following requirements or any substantially similar requirement:

1. The requirement that the recipient not "use grant funds to promote 'gender ideology,' as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government";
2. The requirement that the recipient "agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code [and] … certifies that it does not operate any programs that violate any applicable Federal antidiscrimination laws, including Title VI of the Civil Rights Act of 1964";
3. The requirement that the recipient "not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment";
4. The condition that "the Recipient's use of funds provided under this Agreement …, and the Recipient's operation of projects assisted with Grant Funds are governed by … [a]ll current Executive Orders";
5. The requirement that recipients comply with applicable existing and future Executive Orders; and
6. The requirement in Form HUD-424-B that recipients certify that they "will not use Federal funding to promote diversity, equity, and inclusion (DEI) mandates, policies, programs that violate any applicable Federal antidiscrimination laws."

The preliminary injunction also requires the following:

1. With respect to any CPD grant program, HUD must immediately treat any actions taken to implement or enforce the conditions above, or any materially similar terms or conditions, including any delays or withholding of funds based on such conditions, as null, void, and rescinded.
2. With respect to any CPD grant program HUD and its assignees must immediately treat as null and void any such conditions included in any agreement executed by any applicant or grantee, while the preliminary injunction is in effect.
3. HUD must immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles to implementation.

The stay and preliminary injunction remain in effect until the Court determines otherwise. Please review the order.

If you have any questions about the scope or effect of the order, please contact HUD's Office of General Counsel. Thank you for your attention to this matter.