IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*<br><br>*Defendants*. | Case No. 25-cv-342 |

### PLAINTIFFS' MOTION TO ENFORCE ORDER GRANTING PRELIMINARY STAY AND PRELIMINARY INJUNCTION AND REQUEST FOR EXPEDITED CONSIDERATION

Plaintiffs respectfully move the Court to enforce the Preliminary Injunction and Stay entered on October 10, 2025 (ECF No. 72) and amended on October 23, 2025 (ECF No. 77). Despite the order's clear and unambiguous terms, the United States Department of Housing and Human Development (HUD) has issued, through its Office of Community Planning and Development (CPD), a notice of funding opportunity (NOFO) for Continuum of Care (CoC) grants that violates the court's order and continues to inflict the very harms the Court remedied on a preliminary basis. That NOFO is attached as Exhibit A. Plaintiffs therefore request that the Court enforce its order by requiring that HUD Defendants withdraw the NOFO conditions and issue corrective public guidance.

Because Plaintiffs face deadlines as early as December 8, 2025, to apply to their Continuums of Care under this NOFO, Plaintiffs also request expedited consideration. Plaintiffs ask that the Court shorten Defendants' time to respond and direct that any opposition be filed by

1

December 4, 2025, and that the Court issue a ruling by December 5, 2025, to prevent further irreparable harm. Plaintiffs attempted to resolve this with Defendants without court involvement but were unable to do so.

### I.   Background

#### A.  The Court's Preliminary Stay and Injunction

On October 10, 2025, this Court granted Plaintiffs' Motion for Relief Under 5 U.S.C. § 705 and For Preliminary Injunction, and amended the order on October 23, 2025. ECF Nos. 72, 77. As relevant here, the Court enjoined HUD Defendants from imposing or enforcing on any recipient or subrecipient of CoC grants and any grant administered by the CPD the following requirements or any substantially similar requirement:

- The requirement that the recipient not "use grant funds to promote 'gender ideology,' as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," or any substantially similar requirement;

- The condition that "the recipient's use of funds provided under" grant agreements, and "operation of projects assisted with Grant Funds are governed by . . . [a]ll current Executive Orders," and the condition requiring recipients to "comply with applicable existing and future Executive Orders", or any substantially similar requirements; and

- The requirement in HUD's Applicant and Recipient Assurances and Certifications Form HUD-424-B that recipients certify that they "will not use Federal funding to promote diversity, equity, and inclusion (DEI) mandates, policies, programs, or activities that violate any applicable Federal antidiscrimination laws."

ECF No. 77 at 34-35.

## B.  HUD's November 13, 2025 Notice of Funding Opportunity

On November 13, 2025, HUD released a NOFO for the FY 2025 Continuum of Care Competition and Youth Homeless Demonstration Program Grants, with an application due date of January 14, 2026. FY 2025 Continuum of Care Competition and Youth Homeless Demonstration Program Grants NOFO, Grants.Gov (Nov. 13, 2025) https://grants.gov/search-results-detail/360861 (attached as Exhibit A) ("NOFO"). Applications are due to HUD on January 14, 2026, and the NOFO requires CoCs to establish a deadline for their local competitions that is no later than December 13, 2025. *Id.* at 98.

The NOFO contains three sets of requirements relevant here:

- First, the NOFO categorically prohibits the use of "[a]wards made under this NOFO. . . to… conduct activities that rely on or otherwise use a definition of sex as other than binary in humans" (Gender Binary Condition). *Id.* at 108. The NOFO relatedly states that HUD reserves the right "to verify past performance and evaluate the eligibility of a project application" and to "reduce or reject" a renewal project application if there is "evidence that the project has previously or currently conduct activities that rely on or otherwise use a definition of sex other than as binary in humans." *Id.* at 55. The NOFO provides that HUD reserves the right to reduce or reject a renewal project application for the same reason. *Id.* at 65.

- Second, the NOFO also includes a requirement that grantees "must comply with" listed provisions, including a requirement that grantees comply with provisions "[i]mplementing Presidential Executive Actions affecting federal financial

3

- assistance programs, as advised by the Department, unless otherwise restricted by law," including eight executive orders. *Id.* at 108.

- Third, the NOFO requires applicants to submit a HUD-424-B form. *Id.* at 24. HUD's required HUD-424-B form continues to include a requirement that applicants certify that they will not use federal funding to "promote diversity, equity, and inclusion mandates, policies, programs, or activities that violate any applicable federal anti-discrimination laws." HUD, Form HUD 424-B, Applicant and Recipient Assurances and Certifications, https://www.hud.gov/sites/dfiles/OCHCO/documents/424B.pdf.

The NOFO also contains a provision on the impact of court orders. That provision states, first, that if any part of a grant agreement or any NOFO terms "have been or are enjoined or held to be void or unenforceable by a federal court, they shall be ineffective"—but (1) "only to the extent of such court's authority" and (2) "only as to such prohibition or enjoinment" and will not affect the rest of the agreement or NOFO. NOFO at 95. Second, the provision states that if "the enjoinment of such provisions is stayed, dissolved or reversed, the full terms of the grant agreement and Notice, including such provisions, will automatically become effective." *Id.*

## II.  HUD's New Conditions Violate the Court's Injunction

These conditions in the new NOFO straightforwardly violate the Court's preliminary injunction.

First, the NOFO conditions relating to "activities that rely on or otherwise use a definition of sex other than as binary" defy the court's injunction covering conditions barring grantees from promoting "gender ideology." The new NOFO's conditions target the same conduct: any activity that recognizes the existence or identity of transgender or nonbinary

people. The NOFO's reliance on the phrase "definition of sex other than binary" is an obvious reformulation of the enjoined "gender ideology" ban, and these conditions thus fall within the court's proscription of "substantially similar" requirements.

Second, the new NOFO's requirement that applicants comply with a long list of Executive Orders is a similarly direct violation of this Court's injunction against imposing or enforcing the conditions providing that the "operation of projects assisted with Grant Funds are governed by . . . [a]ll current Executive Orders," and requiring recipients to "comply with applicable existing and future Executive Orders."

Third, HUD is continuing to impose on CoC grants the exact anti-DEI condition in Form HUD-424-B that this Court enjoined.

The NOFO's saving clause—providing that any terms that have been enjoined are "ineffective" and further providing that the terms will "automatically become effective" if an injunction is lifted, NOFO at 95—does not save the NOFO from violating the Court's order. *Cf. California v. Trump*, 786 F. Supp. 3d 359, 382 (D. Mass. June 13, 2025), *appeal pending*, No. 25-1726 (holding that saving clause stating that executive order "shall be implemented consistent with applicable laws" could not "shield [order] from review" as that would render "judicial review … a meaningless exercise").

Indeed, Judge Smith recently held that similar language in another agency's grant agreements was "not a good faith effort" to comply with a similar order. *Illinois v. FEMA*, No. 25-206, 2025 WL 2908807, at *1 (D.R.I. Oct. 14, 2025). Here, as in that case, Defendants' imposition of the unlawful and enjoined conditions is "a ham-handed attempt to bully" applicants "into making promises they have no obligation to make at the risk of losing critical …

funding," in violation of a court order. *Id.* And here, as in that case, the Court should enforce its Order by requiring Defendants to remove the violative terms. *See id.* at *1-2.

### III. Relief Requested

Because HUD's November 2025 NOFO and form HUD-424-B violate the Court's October 23 Order, Plaintiffs request that the Court:

1. Order Defendants to immediately remove, withdraw, or rescind the NOFO conditions:

   a. Prohibiting the use of "[a]wards made under this NOFO" to "conduct activities that rely on or otherwise use a definition of sex as other than binary in humans" (NOFO at 108);

   b. Excluding or penalizing applicants based on evidence that a project has "previously or currently … conduct[ed] activities that rely on or otherwise use a definition of sex other than binary in humans" (NOFO at 55, 65); and

   c. Requiring compliance with executive orders (NOFO at 108).

2. Order HUD Defendants to immediately remove, withdraw, or rescind the Form HUD-424-B anti-DEI requirement or the requirement that applicants for CoC grants make the anti-DEI certification on that form.

3. Order HUD Defendants, within one business day of the order, to issue corrective public guidance designed to reach all potential CoC applicants making clear that the challenged NOFO conditions and the Form HUD-424-B anti-DEI requirement are void and unenforceable under the Court's October 23 Order.

4. Direct HUD's counsel to provide written notice of the order to all of its employees;

5. Direct HUD Defendants to file by the end of the second business day after issuance of the Court's Order a status report documenting the actions that they have taken to comply, including a copy of the notice informing potential CoC applicants and an explanation as to whom the notice was sent;

6. Award any further relief necessary to effectuate compliance, including monitoring, reporting requirements, or such additional remedial measures as the Court deems appropriate.

### IV.   Expedited Consideration Is Warranted to Protect Plaintiffs from Further Irreparable Harm

Plaintiffs require this Court's intervention to enforce the October 23 Order and block HUD from imposing conditions this Court has already found likely unlawful and accordingly enjoined. Plaintiffs respectfully request that the Court grant this relief by December 8. Such expedited consideration is necessary to protect Plaintiffs from further irreparable harm.

To be considered for funding under the NOFO, applicants must submit their applications to their local CoC competitions no later than December 13, and as soon as December 8. *See, e.g.*, Supplemental Declaration of Susan Higginbotham (Higginbotham Decl.) ¶ 14 (attached as Exhibit B). Absent intervention by the court before the application deadline, Plaintiffs and their members will face the untenable choice between not applying for these awards or applying under the unlawful conditions from which they have already sought and obtained relief. Higginbotham Decl. ¶ 18. Whether the conditions apply affect whether applicants will choose to apply at all, and will also affect what they apply for. Higginbotham Decl. ¶ 19. Relief is needed before these applications are due. Absent such intervention before the application deadline, Plaintiffs, who

will not be able to comply with these illegal conditions, will have to choose between not applying for these awards, or stating intended compliance—or, in the case of Form HUD-424-B, certify compliance—with illegal conditions for which they have already sought and obtained preliminary relief.

The urgency is not mitigated the new NOFO's cryptic statement that, if any of the new NOFO's terms "have been … enjoined or held to be void or unenforceable by a federal court," they "shall be ineffective … to the extent of such court's authority." *See* NOFO at 95. As it stands, the NOFO on its face appears to impose multiple unlawful conditions on applicants and to disqualify or disadvantage applicants that do not adopt the government's view that sex is "binary." This is sowing confusion among grant applicants about their legal obligations and about what applying entails. Higginbotham Dec. ¶ 20. This distorts the application process, as some organizations will change their applications (for example, to avoid seeking funding for any services for gender-diverse survivors) or may not apply at all as a result of the unlawful conditions. Higginbotham Dec. ¶ 16–20. Defendants may not impose new, substantially similar conditions while they are subject to the obligation to comply with this Court's preliminary injunction and stay.

December 3, 2025

Respectfully submitted,

*/s/ Kristin Bateman*
Kristin Bateman (D.C. Bar No. 90037068)[+]
Robin F. Thurston (D.C. Bar No. 1531399)[+]
Skye L. Perryman (D.C. Bar No. 984573)[+]
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org

sperryman@democracyforward.org

*/s/ Daniel F. Jacobson*
Daniel F. Jacobson (D.C. Bar # 1016621)[+]
Lynn D. Eisenberg (D.C. Bar No. 1017511)[+]
Brian C. Rosen-Shaud (ME Bar No. 006018)[+ ^]
Nina Cahill (D.C. Bar No. 1735989)[+]
Jacobson Lawyers Group PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com

*/s/ Amy R. Romero*
Amy R. Romero (RI Bar # 8262)
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

*/s/ Lynette Labinger*
Lynette Labinger (RI Bar # 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

*/s/ Mary C. Dunn*
Mary C. Dunn (RI Bar #6712)
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
mcd@blishcavlaw.com
Cooperating counsel, Lawyers' Committee for RI

*/s/ Lauren A. Khouri*
Lauren A. Khouri (D.C. Bar No. 10282288)[+]
Elizabeth Theran (D.C. Bar No. 90030162)[+]
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185

9

lkhouri@nwlc.org
etheran@nwlc.org

[+] Admitted *pro hac vice*
^ Not admitted in the District of Columbia. Practice supervised by members of the D.C. bar.

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, I electronically filed the within motion and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

*/s/ Kristin Bateman*
Kristin Bateman