UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND COALITION AGAINST DOMESTIC VIOLENCE, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.* <br><br> *Defendants*. | Case No. 1:25-cv-00342 |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO ENFORCE ORDER GRANTING PRELIMINARY STAY AND PRELIMINARY INJUNCTION**

Since the issuance of this Court's Amended Memorandum and Order on October 23, 2025 (ECF No. 77) (the "Amended Order"), the HUD Defendants have complied with the terms of the Amended Order and have not enforced the enjoined conditions on any grant applicant or grant recipient or sub-recipient falling within the scope of the Amended Order. But recognizing that the HUD Defendants may choose to appeal the Amended Order, they have sought through the latest Notice of Funding Opportunity ("NOFO") to preserve their ability to impose analogous conditions in future grant cycles in the event that the Amended Order is later stayed or vacated on appeal.

The terms of the NOFO make clear that any conditions of the NOFO that are substantially similar to those currently enjoined by the Amended Order will not be enforced until if and when an appellate court stays or vacates the Amended Order. *See* ECF No. 83-1 at page

95, ¶ 10.[1]  Although Plaintiffs and their members allegedly remain "confused as to the legal effect and implications of the application and conditions," ECF No. 83-2 at 6 ¶20, nothing in the declaration submitted in support of their motion suggests that they tried to clear up their concerns by contacting their local CPD field office or CPD's Office of Special Needs Assistance.  *See* ECF No. 83-2.  Either of these HUD offices could have addressed their concerns.  *See* Fernandez Decl., ECF No. 43-1, at ¶16.

Plaintiffs' reliance on *Illinois v. FEMA*, No. 25-cv-206, 2025 WL 2908807 (D.R.I. Oct. 14, 2025), *appeal filed*, No. 25-2131 (1st Cir. Dec. 1, 2025), is inapposite.  *Illinois* involved a permanent injunction.  *Id*. at *1.  Despite that injunction, FEMA had inserted the enjoined grant terms into specific notices of awards sent to individual plaintiffs, which, the court held, amounted to doing exactly what the permanent injunction had forbidden.  *Id.*  That is far different from the issuance of a general NOFO for grants not yet awarded that explicitly acknowledges that the terms of existing injunctions will be honored.

Be that as it may, if the Court deems that a remedy for Plaintiffs' alleged confusion is nevertheless warranted, the appropriate solution is for HUD to clarify to applicants that the relevant NOFO conditions will not be enforced, not to strike the NOFO conditions altogether.  Indeed, requiring the HUD Defendants to "remove, withdraw, or rescind" the relevant conditions

---

[1] Paragraph 10 provides:

> If any part or provision of the grant Agreement or terms of this Notice have been or are enjoined or held to be void or unenforceable by a federal court, they shall be ineffective only to the extent of such court's authority and only as to such prohibition or enjoinment and shall not invalidate or affect the legality or enforceability of the remaining provisions and applications of the Agreement and Notice.  In the event the enjoinment of such provisions is stayed, dissolved or reversed, the full terms of the grant agreement and Notice, including such provisions, will automatically become effective.

(ECF No. 83 at 6), which is the relief Plaintiffs have sought, will interfere with the district court's adjudication of the NOFO's terms in two related lawsuits pending in this district before Judge McElroy.  *See Washington v. HUD*, No. 25-cv-626 (D.R.I.); *Nat'l All. to End Homelessness v. HUD*, No. 25-cv-636 (D.R.I.).  In the same vein, Plaintiffs' request that HUD "immediately remove, withdraw, or rescind the Form HUD-424-B anti-DEI requirement" exceeds the scope of this Court's Amended Order, which, over Plaintiffs' objection, limited the scope of Form 424-B relief to Community of Care Grants and any grants administered by the HUD Office of Community Planning and Development.  *See* ECF No. 77 at 34-35; *see also* ECF Nos. 75 & 76.[2]

For these reasons, the HUD Defendants request that Plaintiffs' Motion to Enforce be denied.  In the alternative, the HUD Defendants request that any remedy be limited to clarifying to all applicants that conditions cited in Plaintiffs' Motion will not be enforced against parties falling within the scope of the Amended Order.

---

[2] Apparently realizing this, in the alternative, Plaintiffs request that the Court enjoin the Form 424-B certification requirement solely as to applicants for CoC grants.  ECF No. 83 at 6.  As previously noted, in compliance with the Amended Order the HUD Defendants will not enforce that requirement with respect to CoC grants anyway.

Dated: December 4, 2025

Respectfully submitted,

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SCOTT TURNER, in his official capacity as Secretary of Housing and Urban Development,

By their Attorneys,

SARA MIRON BLOOM
Acting United States Attorney

/s/ Lauren S. Zurier
LAUREN S. ZURIER
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
Lauren.Zurier@usdoj.gov

**Certification of Service**

On this 4th day of December, 2025, I caused the within document to be filed electronically. It is available for viewing and downloading from the Court's ECF system, which will serve it upon all counsel of record.

/s/ Lauren S. Zurier
LAUREN S. ZURIER
Assistant United States Attorney